UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ABEL J. DEDEAUX                                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:24-CV-14-TBM-RPM

HANCOCK COUNTY et al                                                                      DEFENDANTS

## **REPORT AND RECOMMENDATIONS**

Before the Court is Defendant Jindal Tubular USA, LLC's ("Jindal Tubular") Rule 12(b)(6) [26] Motion to Dismiss all claims asserted against it.[1] Plaintiff Abel J. Dedeaux filed this action on January 17, 2024, against Defendants City of Bay St. Louis, Hancock County, Sheriff Ricky Adams, Sergeant John Nelson, Chief Anthony Gambino, and Jindal Tubular (collectively, "Defendants").[2] Doc. [1]. Plaintiff is proceeding *pro se* and *in forma pauperis*.

On February 28, 2024, the Court conducted a screening hearing on Plaintiff's claims. Minute Entry (02/28/2024). Plaintiff filed an Amended Complaint on May 2, 2024. Doc. [23]. According to the Amended Complaint and attached documents, Plaintiff was reporting for work at Jindal Tubular on January 16, 2023. Doc. [23] at 9; [23-1] at 8–9. Sergeant Nelson, who was a security guard for Jindal Tubular, conducted a traffic stop on Plaintiff's vehicle on Jindal Tubular's property. Doc. [23-1] at 1. Sergeant Nelson allegedly "detected the odor of marijuana emitting from the vehicle . . . ." *Id*. After Plaintiff questioned Sergeant Nelson's law enforcement capacity, Sergeant Nelson identified himself as an off-duty sheriff deputy. *Id*. Ultimately, Plaintiff was

---

[1] The District Judge has referred this motion to the undersigned pursuant to Federal Rule of Civil Procedure 72(b). Doc. [30].
[2] The City of Bay St. Louis and Chief Gambino were terminated as defendants per Plaintiff's Amended Complaint. Doc. [23].

tased, arrested, and processed in jail for "Disorderly Conduct - Failure to Comply and Resisting Arrest." *Id.*

Plaintiff alleges a violation of his civil rights pursuant to 42 U.S.C. § 1983. Doc. [23] at 2. Specifically, he alleges violations of his Fourth Amendment rights for unlawful seizure, search, and excessive force; and violations of his Fourteenth Amendment rights for deprivation of substantive due process. *Id.* at 5–6. He also alleges state law claims under the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq*. *Id.* at 7.

## I. Standard of Review

At the outset, the Court notes that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Furthermore, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Accordingly, Plaintiff's Amended Complaint is the operative pleading here. *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 48 (1991).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *In Re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 544, 570 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] all well-pleaded facts as true and construe[s] the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). However, the Court does "not accept as true 'conclusory allegations,

2

unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).

## II.    Analysis

**1.    § 1983 Claim**

Jindal Tubular argues that Plaintiff fails to state a claim against it under § 1983 because Plaintiff fails to allege the following: (1) any agreement between law enforcement and Jindal Tubular to commit an illegal act; or (2) what constitutional rights Jindal Tubular purportedly violated. Doc. [27] at 3–6. Plaintiff responds that he alleged the specifics of Sergeant Nelson's "wrongful conduct" and that Jindal Tubular is liable under section 1983 because Sergeant Nelson acted in both his capacity as a sheriff deputy and his capacity as a security guard employed by Jindal Tubular. Doc. [36] at 1–2. In sum, Plaintiff contends Jindal Tubular is liable for Sergeant Nelson's actions under color of law due to being employed as Jindal Tubular's security guard. *Id.* at 3.

"To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been 'deprived of a right secured by the Constitution and the laws of the United States,' and (2) that the deprivation was caused by a person or persons acting 'under color of' state law." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (quoting *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978)). "[P]rivate entities are not generally considered state actors," but "the actions of a private citizen can . . . become the actions of the state for purposes of § 1983." *Meade v. Dillard Dep't Stores*, 275 F.3d 43, 2001 WL 1223752, at *3 (5th Cir. 2001) (quoting *Hall v. Garson*, 430 F.2d 430, 439 (5th Cir. 1970)). The Supreme Court has held:

> Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of [1983]. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.

3

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). "Thus, a non-state actor may be liable under § 1983 where he was a willful participant in a joint activity with the State or its agents." *Polacek v. Kemper Cnty., Miss.*, 739 F. Supp. 2d 948, 951 (S.D. Miss. 2010); *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) ("[A] private party's joint participation with a state official in a conspiracy . . . would constitute both 'state action essential to show a direct violation of petitioner's [constitutional] rights' and action 'under color' of law for purposes of [§ 1983].") (quoting *Adickes*, 398 U.S. at 152) (footnote omitted).

For Plaintiff to sustain a claim that Jindal Tubular is liable under § 1983 on the basis of joint action with the State or state officials, he "must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right, and that the private actor was a willing participant in joint activity with the state or its agents." *Id.* at 952. Upon examination of Plaintiff's Amended Complaint and accompanying documents, the Court finds Plaintiff fails to allege any facts supporting an agreement or meeting of the minds between Jindal Tubular and law enforcement to engage in a conspiracy to deprive him of his constitutional rights. Although Plaintiff does allege an employment relationship between Jindal Tubular and Sergeant Nelson, this is by itself insufficient to state a § 1983 claim against an employer.[3] *Meade*, 2001 WL 1223752, at *3. Finally, "an off-duty police officer may act under the color of state law for § 1983 purposes." *Id.* at *4; *see Laughlin v. Olszewski*, 102 F.3d 190, 192 n.1 (5th Cir. 1996). However, that does not relieve Plaintiff of pleading that Jindal Tubular jointly engaged with law enforcement in violating Plaintiff's constitutional rights. For these reasons, the Court concludes Plaintiff has failed to state a claim that Jindal Tubular acted under the color of state law for § 1983 purposes.

---

[3] At the screening hearing, Plaintiff stated, from his understanding, Jindal Tubular did not have a contract with Nelson.

## 2. Defamation Claim

In his Amended Complaint, Plaintiff argues "Jindal Tubular made false reports against [him] stating '[he] was trespassed from their facility due to suspicion of marijuana,' defaming [his] character and causing [him] to be released from retaining another job . . . ." Doc. [23] at 4. Jindal Tubular contends Plaintiff's defamation claim is subject to dismissal because the alleged statement is not actionable as a matter of law for multiple reasons. Doc. [27] at 7–10.

Plaintiff fails to defend this claim in his response to the Motion to Dismiss. *See* Doc. [36]. Thus, Jindal Tubular further contends that Plaintiff has abandoned this claim by failing to address it in his response. Doc. [37] at 7. Indeed, "[a] plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims." *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022); *see In re Dall. Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (finding that a party abandons a claim by failing to include any argument about the claim); *Bedford v. Tex. Dep't of Transp.*, 810 F. App'x 264, 268 (5th Cir. 2020) (per curiam) (finding no error in the district court's holding that the plaintiff abandoned his claim by failing to respond to the defendant's motion for summary judgment on the claim). Therefore, the undersigned finds Plaintiff has abandoned his defamation claim against Jindal Tubular by failing to address the claim.

In any event, Plaintiff's defamation claim is not actionable as a matter of law. "Under Mississippi law, the trial court in a defamation case must make the threshold determination of whether the language in question is actionable." *Favre v. Sharpe*, No. 2:23-CV-42, 2023 WL 7132949, at *4 (S.D. Miss. Oct. 30, 2023) *aff'd on other grounds*, 117 F.4th 342 (5th Cir. 2024). "The elements of a defamation claim are: '(1) a false and defamatory statement concerning plaintiff; (2) unprivileged publication to a third party; (3) fault amounting at least to negligence on

5

part of publisher; (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication.'" *Wells Fargo Fin. Leasing, Inc. v. Pope*, No. 2:15-CV-160-KS-MTP, 2017 WL 114408, at *4 (S.D. Miss. Jan. 11, 2017) (quoting *Armistead v. Minor*, 815 So.2d 1189, 1193 (Miss. 2002)).

Federal Rule of Civil Procedure 10(c) provides in part that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Therefore, the Court may consider any documents attached to the Amended Complaint for the purpose of deciding this motion. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). Sergeant Nelson's incident report is attached to the Amended Complaint. Doc. [23-1]. Among other things, Sergeant Nelson said he was "advised by Jindal Tubular Safety employee Mr. Adam Frierson of wanting [Plaintiff] trespassed from the property to which [Plaintiff] was advised." Doc. [23-1] at 1. In other words, Jindal Tubular made a statement to Sergeant Nelson, which was then recited in the incident report.

First, on its face, the alleged defamatory statement does not appear to be false. Nelson said he allegedly detected the odor of marijuana emitting from the vehicle.[4] And Nelson reported he was advised by Jindal Tubular of wanting Plaintiff trespassed from the property.

Second, Plaintiff's defamation claim fails because Jindal Tubular's statement was not an unprivileged publication to a third party. Jindal Tubular's statement was made to Nelson. Nelson then recited Jindal Tubular's statement in his incident report, which was a Hancock County

---

[4] Furthermore, Nelson said, upon searching the vehicle, he "confirmed the odor of marijuana was also inside the vehicle" and "observed one (1) burnt marijuana cigar end, commonly known as a roach, on the driver floor[-]board mat." Doc. [23-1] at 1.

Sheriff's Office's document.[5] "When a law enforcement organization has a legitimate and direct interest in the subject matter of a statement made by an employer concerning an employee, the employer's statement is privileged and is deemed non-defamatory as a matter of law." *Howell v. Operations Mgmt. Int'l, Inc.*, 161 F. Supp. 2d 713, 718 (N.D. Miss. 2001); *see Lewis v. Floyd*, No. 3:23-CV-56, 2024 WL 1145964, at *5 (N.D. Miss. Mar. 14, 2024) (holding that a report of information to police is not a publication to a third party); *Jones v. Mullen*, 100 So.3d 490, 495 (Miss. Ct. App. 2012) ("A law-enforcement organization that has a legitimate and direct interest in the subject matter is also 'within the circle' of privileged communications, not constituting publication."). Because an unprivileged publication to a third party is a necessary element to a defamation claim, there is no basis for Plaintiff's defamation claim to proceed.

Third, "any statement made by an employer against an employee when the statement in question affects the employee's employment is protected by a qualified immunity privilege." *Raiola v. Chevron U.S.A., Inc.*, 872 So.2d 79, 85 (Miss. Ct. App. 2004). Thus, the alleged statement made by Jindal Tubular regarding Plaintiff is subject to qualified immunity. "[L]iability for defamation may still attach upon a finding of malice," which is defined as "knowledge of falsity or reckless disregard to as to truth or falsity." *Eckman v. Cooper Tire & Rubber Co.*, 893 So.2d 1049, 1053 (Miss. 2005) (quoting *Hayden v. Foryt*, 407 So.2d 535, 536 (Miss. 1981)). "Where . . . the plaintiff's own allegations establish the existence of a qualified privilege and fail to establish malice, the plaintiff has failed to state a claim for which relief may be granted." *Brune v. Takeda Pharms. U.S.A., Inc.*, No. 1:18-CV-298, 2019 WL 6311991, at *6 (S.D. Miss. Nov. 25, 2019) (footnote omitted). Here, Plaintiff makes no claim that the alleged statement by Jindal Tubular was made with malice and in bad faith. *See Inland Family Prac. Ctr., LLC v. Amerson*, 256 So.3d

---

[5] Nelson also reported he was wearing a department-issued uniform and used his department-issued taser. Doc. [23-1] at 1.

586, 592 (Miss. 2018) ("A communication made in good faith and on subject matter in which the person making it has an interest, or in reference to which he has a duty, is privileged if made to a person or persons having a corresponding interest or duty, even though it contains matter which without this privilege would be slanderous, provided the statement is made without malice and in good faith."). For this additional reason, there is no basis for Plaintiff's defamation claim to proceed.

## RECOMMENDATION

The undersigned recommends that Defendant Jindal Tubular USA, LLC's [26] Motion to Dismiss be granted and that Plaintiff Abel J. Dedeaux's claims against Jindal Tubular USA, LLC be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which

there is no written objection.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED this the 24th day of January 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE