**ABEL J. DEDEAUX**                                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 1:24-cv-14-TBM-RPM**

**HANCOCK COUNTY;**
**CITY OF BAY ST. LOUIS, MS;**
**ANTHONY GAMBINO;**
**RICKY ADAMS; JOHN NELSON;**
**JINDAL TUBULAR USA LLC**                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Court dismissed *pro se* Plaintiff Abel Dedeaux's claims against his employer, Jindal Tubular, by adopting an unobjected-to report and recommendation. Dedeaux continued litigating the case for two months before settling with the remaining defendants. The Court then entered a final judgment. Twenty-two days later, Dedeaux asked the Court to set aside its judgment, reopen the case, and permit him to object to the report and recommendation. The Court declines to do so.

Dedeaux's conduct, which resulted in his failure to receive the report and recommendation before its objection period ended, amounts to gross carelessness. The Court mailed every order to Dedeaux's address as reflected on the docket. But Dedeaux did not heed the Court's multiple reminders to update his address after he moved. Nor did he take any steps to monitor his case's status, despite not receiving any correspondence from the Court at his new address. In fact, Dedeaux had already requested, and been granted, additional time to respond to a prior show cause order for similar mail delivery issues. Dedeaux compounded these mistakes by not raising the issue promptly once he learned of it, before the Court entered final judgment. The record therefore demonstrates Dedeaux's repeated failures to follow the rules. Neither Rule of Civil Procedure 59(e) nor 60(b) permits relief under such circumstances. Dedeaux's [47] motion to set aside is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

On January 16, 2023, Dedeaux reported for work at Jindal Tubular Inc. in Bay St. Louis, Mississippi. [23], p. 9; [23-1], p. 1. Dedeaux pulled into the employee parking lot, and Sergeant John Nelson, an off-duty sheriff's deputy and security guard for Jindal Tubular, approached his vehicle. [23], p. 9; [23-1], p. 1. Nelson informed Dedeaux that he could smell marijuana coming from the car. [23], p. 9. After questioning him, Nelson attempted to arrest Dedeaux. *Id.* at p. 10. But Dedeaux resisted and a scuffle between the two ensued. *Id.* It ended when Nelson broke free and tased Dedeaux in the back. *Id.*; [23-1], p. 1. Dedeaux was then arrested and transported to the Hancock County Jail for "Disorderly Conduct – Failure to Comply and Resisting Arrest." [23-1], p. 1.

Dedeaux sued Jindal Tubular, among other defendants. [1], p. 2. His complaint listed an address in Saucier, Mississippi, for future correspondence. *See* [1-1]. Dedeaux sought damages from Jindal Tubular for alleged civil rights violations under 42 U.S.C. Section 1983 and state law violations under the Mississippi Tort Claims Act. [23], p. 4. Jindal Tubular moved to dismiss his claims separately. [26]. Two months passed, and Dedeaux had yet to respond. On August 5, 2024, the Court ordered Dedeaux to show cause for his failure to respond by August 19. [31], p. 2. The order also warned that it was his responsibility to notify the Court of any change in address. *Id.* Dedeaux did not respond, and the Court issued a second and final order on August 26 to show cause by September 9. [32], p. 2. The second order included the same change-of-address warning. *See id.* The Court mailed both show cause orders to his Saucier address.

On September 9, Dedeaux moved for an extension of time to file a response to the Court's second order to show cause. [33]. In his motion, Dedeaux noted that he filed a complaint with the United States Postal Service on August 12 because he was not receiving mail. *Id.* As a result,

Dedeaux claimed that he did not receive the first order. *Id.* And although the Postal Service began delivering his mail a week after his complaint, Dedeaux did not see the second order to show cause until September 5, when he returned from working in Wisconsin. *Id.* Dedeaux asked for thirty days to respond, *id.*, and the Court granted his request, [34], p. 1. In doing so, it reiterated for the third time that it was his responsibility to advise the Court of any address changes. *Id.* The Court mailed this order to his Saucier address as well.

Dedeaux responded to the Court's second order to show cause. [35]. He also filed an untimely response to Jindal Tubular's motion to dismiss, [36], even though his request for additional time pertained only to the Court's second order to show cause, *see* [33]. In addition to rebutting Jindal Tubular's substantive arguments, Dedeaux noted that he "recently rectified the mail issue so that [the Postal Service] [was] properly tendering and delivering [his] mail in a normal and ordinary sense" in both responses. [35], p. 1; [36], p. 1. Moreover, consistent with all his previous filings, the signature blocks in Dedeaux's responses included the same address in Saucier. [35], p. 5; [36], p. 5.

On January 24, 2025, the Magistrate Judge recommended[1] granting Jindal Tubular's motion to dismiss. [38], p. 8. The Magistrate Judge's report also notified Dedeaux of his right to file a written objection within fourteen days after service of the report. *Id.* at pps. 8–9. The Court served the report and recommendation the same day by mailing it to Dedeaux's address in Saucier. [39], p. 1; *see* FED. R. CIV. P. 5(b)(2)(C). Dedeaux did not object during the fourteen-day period. On February 10, the Postal Service returned the mailed order and marked it as "Return to Sender, Not Deliverable as Addressed, Unable to Forward." [39], p. 1. Satisfied that the report and

---

[1] The undersigned referred this motion under Federal Rule of Civil Procedure 72(b). [30].

recommendation did not contain any "clear error[s]," the undersigned adopted the report and recommendation on February 14. [40], pps. 1–2 (citing *Wright v. Seliger*, No. MO:19-cv-00218-DC, 2021 WL 11698526, at *1 (W.D. Tex. Jan. 11, 2021) (adopting unobjected-to report and recommendation after it was returned undeliverable where plaintiff failed to inform the Court of any change of address); *Holmes v. Headway Workforce Sols., Inc.*, No. 5:22-cv-1307-DAE, 2023 WL 8494388, at *1 (W.D. Tex. Dec. 7, 2023) (same)).

Dedeaux continued prosecuting his claims against the other defendants. On March 14, Dedeaux notified the Court that he served his pre-discovery disclosure information on the attorney representing the other defendants. [45]. For the first time, the signature block in Dedeaux's filing listed an address in Pass Christian, Mississippi. Of its own accord, the Court updated his address on the docket that same day. Five days later, the Magistrate Judge held a case management conference. Dedeaux and the remaining defendants attended. Shortly thereafter, the attorney for the remaining defendants told the Court that a settlement had been reached and asked for the case to be dismissed. The attorney copied Dedeaux on this email. The Court acknowledged the settlement and dismissed the case with prejudice on April 17. [46]. The Court's judgment was mailed and delivered to Dedeaux at his new address in Pass Christian. On May 9, Dedeaux asked the Court to reopen the case as it pertained to Jindal Tubular by setting aside its order adopting the report and recommendation under Federal Rule of Civil Procedure 60(b). [47], p. 1.

## II. DISCUSSION

Dedeaux's invocation of Rule 60(b) suggests that he wants this court to reconsider its judgment. But his motion does not address the rationale of either the report and recommendation or the adopting order. Rather, Dedeaux asks the Court to set aside the adopting order so he can file an objection to the report and recommendation. *Id.* at p. 5. Construing the substance of his *pro se*

motion liberally, as the Court is required, *see Collins v. Dall. Leadership Found.*, 77 F. 4th 327, 330 (5th Cir. 2023), Dedeaux is merely seeking an extension of time. Whether his motion is viewed as a request for reconsideration or for an extension of time, Dedeaux failed to carry his burden.

### A. Legal Standard

A court may evaluate a post-judgment motion "asking the court to reconsider a prior ruling" as "either a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). "If the motion is filed within the time prescribed for filing a Rule 59(e) motion—28 days after the judgment or order of which the party complains—it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Pace v. Cirrus Design Corp.*, No. 3:22-CV-685-KHJ-MTP, 2025 WL 1474820, at *1 (S.D. Miss. May 22, 2025) (citation modified) (quoting *Cavalier v. Jill L. Craft Att'y at L., L.L.C.*, No. 23-30778, 2024 WL 2846059, at *2 (5th Cir. June 5, 2024) (per curiam)). Here, Dedeaux filed his motion twenty-two days after the Court entered judgment. His motion therefore is more appropriately analyzed under Rule 59(e), not Rule 60(b). *See Demahy*, 702 F.3d at 180–182, 182 n.2 (recognizing Rule 59(e)'s clock begins ticking upon the entry of final judgment rather than the prior entry of a dispositive but interlocutory order of dismissal as to one defendant); *see also Van Tiem v. First Am. Title Co.*, No. 20-40707, 2021 WL 4537689, at *3 (5th Cir. Oct. 4, 2021). That said, the Court will analyze both rules for thoroughness's sake because Dedeaux only briefed Rule 60(b).

### B. Rule 59(e)

A Rule 59(e) motion seeks an "extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[A] judgment may be amended '(1) where there has been an intervening change in the controlling law; (2) where the movant presents

newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" *Villarreal v. VitalCore*, No. 1:24CV99-HSO-BWR, 2025 WL 2272452, at \*2 (S.D. Miss. July 18, 2025) (quoting *Demahy*, 702 F.3d at 182). Accordingly, a Rule 59(e) motion attempting to "rehash[] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" is improper. *Templet*, 367 F.3d at 478–79.

Dedeaux did not address any of the three grounds. To the contrary, he notes that "the record already has the required assertions of the claims' merits." [47], p. 2. Dedeaux already had his bite at the apple, though. After the Court granted his motion for an extension of time, Dedeaux rebutted Jindal Tubular's arguments in his response.[2] To the extent Dedeaux seeks to make new legal arguments premised on the same record, he is just rehashing "evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79.

Moreover, as discussed more extensively below, the crux of Dedeaux's argument is that his neglect in failing to object is excusable. *See generally* [47]. Even if he was correct, Dedeaux should have made this argument before the case was closed. He could have raised it under Federal Rule of Civil Procedure 6(b)(1)(B), which permits the Court to reopen a filing period "if the party failed to act because of excusable neglect." And despite his *pro se* status, Dedeaux knew that he could make such a request. He moved for an extension of time in response to the Court's second order to show cause. [33]. The Court granted his motion then. [34]. But it will not do so now because Rule 59(e) is an improper vehicle for his request. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut.*

---

[2] Dedeaux's response was also untimely. He only requested an extension of time to respond to the second order to show cause, not to Jindal Tubular's motion. *See* [33]. And the Court's order granting his motion went no further. *See* [34]. Still, the Court granted Dedeaux leeway by not striking his contemporaneously filed response to Jindal Tubular's motion to dismiss, even though it went beyond his request.

*Auto. Ins. Co.,* 953 F.3d 707, 720–21 (11th Cir. 2020) ("Rule 6(b)(1)(B) does not allow a district court to extend the time for a party to act after it has entered a final judgment."). For these reasons, Dedeaux's Rule 59(e) motion is denied.

### C. Rule 60(b)

Alternatively, Dedeaux's argument does not warrant reconsideration under Rule 60(b) either. Rule 60(b)(1) provides that a court may grant a motion relieving a party "from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." "The Supreme Court has explained that the determination of what sorts of neglect will be considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). The inquiry, however, "is not wholly open-ended." *Id.* "A party has a 'duty of diligence to inquire about the status of a case.'" *Id.* (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993)). "As such, 'gross carelessness' is an 'insufficient basis for Rule 60(b)(1) relief.'" *Thompson v. White*, No. 3:19-CV-179-DPJ-FKB, 2020 WL 1584395, at *2 (S.D. Miss. Apr. 1, 2020) (quoting *Trevino*, 944 F.3d at 571), *aff'd sub nom. Matter of Thompson*, 823 F. App'x 280 (5th Cir. 2020). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely" to a party's "carelessness with or misapprehension of the law or the applicable rules of court." *Trevino*, 944 F.3d at 571 (quoting *Edward H. Bohlin Co.*, 941 F.2d at 357).

Dedeaux appears to acknowledge that he neglected to file a timely objection to the report and recommendation. *See* [47], p. 4. But he argues that it was excusable because the blame lies with the Postal Service. *See id.* In support, Dedeaux attached a Postal Service form to his motion. [47-

1]. It directed the Postal Service to forward mail to his new address. *Id.* Dedeaux claims that he submitted this form ten days before the Magistrate Judge issued the report and recommendation. [47], p. 2. Despite his direction, Dedeaux notes, the Postal Service "unilaterally" stopped delivering his mail "without reason or notice." *Id.* As a result, Dedeaux did not receive the report and recommendation until after the undersigned adopted it. *Id.* at p. 1.

The record, however, paints a picture of gross carelessness, not excusable neglect. The excusable neglect exception contemplates "single instances of 'unforeseeable human error beyond their reasonable control.'" *Magee v. Miss. Dep't of Revenue*, No. 1:19CV345-HSO-JCG, 2019 WL 13201968, at *2 (S.D. Miss. Dec. 5, 2019) (quoting *Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 284 (5th Cir. 2019) (reinstating administrative deadline because a "single deviation" from otherwise adequate procedures, in light of proven track record for filing timely notice of contests, constituted excusable neglect)). Gross carelessness, on the other hand, requires repeated "failures to comply with the rules." *Razvi v. Dall. Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141, at *5 (5th Cir. Sept. 16, 2022); *see Trevino*, 944 F.3d at 570 (holding plaintiffs' failure to respond to motion to dismiss amounted to gross carelessness where "(1) the case had been stayed, so it was not on their list of active cases; (2) counsel mistakenly failed to register with the Court's [CMECF] system; and (3) defective antivirus software diverted court emails to a spam folder"). Here, Dedeaux's untimely motion stemmed from a series of repeated failures to follow the rules.

First, the fault does not lie solely with the Postal Service. The local rules state that "every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." L.U. Civ. R. 11(a). The Court reminded Dedeaux of this continuing obligation three times. Both orders to show cause included the reminder. *See* [31], p. 2; [32], p. 2. And

Dedeaux saw these reminders because he moved for additional time to respond to the second order to show cause. [33]. The Court also reiterated it in the order granting Dedeaux's request for additional time. [34], p. 1. He saw this one too. Yet he did not fulfill his obligation. Indeed, but for the Court recognizing that Dedeaux included a new address on his certificate of service, it would not have updated his address on the docket. *See* [45], p. 2. If he had alerted the Court to his new address on the same day that he submitted his form to the Postal Service, then his receipt of the report and recommendation would not have depended on whether it was properly forwarded in the first place. This was well within Dedeaux's "reasonable control." *Trevino*, 944 F.3d at 570.

Second, Dedeaux's carelessness continued each day that he did not check on the status of his claim against Jindal Tubular. He acknowledges that he submitted his change of address form ten days before the Court issued the report and recommendation. Dedeaux, however, did not inquire about his claim's status despite not receiving any correspondence from the Court until the adopting order. The lack of correspondence should have sounded alarm bells. This is all the more true because the Court had granted him additional time to respond to the second order to show cause for similar delivery issues with the Postal Service. Dedeaux's failure to proactively contact the Court demonstrates that he did not diligently pursue his claim against Jindal Tubular. *See Drewery obo Felder v. Gautreaux*, No. CV 18-376-JWD-RLB, 2020 WL 5441230, at *5 (M.D. La. Sept. 10, 2020) (noting plaintiff "could have taken affirmative efforts to check the status of the case online since he was aware he was not receiving court notice and since he was fully aware of his technical difficulty in regards to receiving emails from the Court").

Finally, Dedeaux did not promptly raise this issue after learning of it. Dedeaux does not specify when he received the Court's adopting order. But three clues in the record suggest that he knew, or should have known, of Jindal Tubular's dismissal at least a month before the Court entered

its final judgment. First, Dedeaux certified that he served the remaining defendants with his pre-discovery disclosures on March 14. [47]. He did not serve Jindal Tubular. Second, Dedeaux and the remaining defendants attended the case management conference on March 19. Jindal Tubular did not attend. Finally, on April 8, Dedeaux and the remaining defendants emailed the Court, acknowledging that the case could be dismissed because they reached a settlement. Jindal Tubular was not copied on this email. Despite Jindal Tubular's repeated absences, Dedeaux raised no concerns about its whereabouts before the Court entered judgment on April 17. In fact, Dedeaux acquiesced to the case's closure because he was copied on the settlement email and did not object. A diligent plaintiff would have done so. The Court declines to reopen the case because Dedeaux realized his error twenty-two days after the Court entered judgment. *Cf. In re Pettle*, 410 F.3d 189, 193 (5th Cir. 2005) (quoting *Paul Revere Variable Annuity Ins. Co. v. Zang,* 248 F.3d 1, 6 (1st Cir. 2001) ("Where a party makes a considered choice[,] he cannot be relieved of such a choice under Rule 60(b) because hindsight seems to indicate to him that, as it turns out his decision was probably wrong.") (citation modified)).

Dedeaux argues that the *Pioneer* factors should control the Rule 60(b)(1) analysis. These "factors include but are not limited to 'the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Coleman Hammons Constr. Co., Inc.*, 942 at 283 (citation modified) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). True, the Fifth Circuit has applied these factors in determining whether neglect was "excusable." *See e.g.*, *id.* at 283–85; *D.R.T.G. Builders, L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 26 F.4th 306, 312 (5th Cir. 2022). But, as noted above, Dedeaux was not negligent. He was grossly careless. And the Fifth Circuit does not apply the *Pioneer* factors to such

conduct. *See e.g.*, *Trevino*, 944 F.3d at 571; *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 837 F. App'x 267, 278 (5th Cir. 2020); *Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 474 (5th Cir. 2013); *Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 F. App'x 431, 432 (5th Cir. 2012).[3]

### III. CONCLUSION

In sum, Dedeaux has not proven that he is entitled to relief under Rule 59(e). And to the extent his motion is construed under Rule 60(b), the Court would abuse its discretion to reopen the final judgment where Dedeaux's argument boils down to "carelessness with or misapprehension of the law or the applicable rules of court." *Trevino*, 944 F.3d at 571.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff Abel J. Dedeaux's [47] Motion to Set Aside [40] Order is DENIED.

THIS, the 23rd day of March, 2026.

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**

---

[3] Even if the *Pioneer* factors applied, the Court would render the same decision. *See Trevino v. Pecan Deluxe Candy Co.,* No. 3:15-CV-3299-M-BH, 2016 WL 7192168, at *2–3 (N.D. Tex. Nov. 14, 2016) (recommending denial of plaintiff's Rule 60(b)(1) motion, which was premised on "general contention of problems with mail carriers," because she did "not explain when the problems started, what she did to address the issue, and what [] efforts she made to stay informed about the status of her case despite these issues"), *report and recommendation adopted*, No. 3:15-CV-3299-M, 2016 WL 7217728 (N.D. Tex. Dec. 12, 2016).